UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| BAM GRESSETT, wife of/and ANDREW GRESSETT, personally and on behalf of their minor child ANDREW "DREW" GRESSETT | CIVIL NO.<br><br>JUDGE: |
| VERSUS | MAGIST: |
| SOUTHWEST AIRLINES COMPANY, UNIDENTIFIED SOUTHWEST AIRLINES COMPANY EMPLOYEE known only as "KELLY", and the XXX INSURANCE COMPANY | |

### COMPLAINT AND PETITION FOR DAMAGES

The Complaint and Petition for Damages of BAM GRESSETT, wife of and ANDREW GRESSETT, both persons of the full age of majority and both domiciled in the Parish of Orleans, State of Louisiana, personally and on behalf of their minor child ANDREW "DREW" GRESSETT, for their claims related to their damages, losses, and injuries directly related to the assault, threats, defamation, embarrassment, ruined family vacation, and all other claims and losses related to a series of incidents

occurring on February 14, 2015 alleged here to have been caused by the intentional torts and assaults committed by a defendant SOUTHWEST AIRLINES COMPANY employee/Flight Attendant known to your petitioners at this time only as "Kelly", with additional claims for negligence against defendant SOUTHWEST AIRLINES COMPANY for negligence in hiring, failing to properly train, failing to properly monitor, and failing to prevent the intentional torts committed against your petitioners by defendant employee "Kelly", and by extension their unidentified insurers, with this petition which does with respect represent that:

## STATEMENT OF JURISDICTION

Petitioners are all Louisiana domiciles and residents. Defendant SOUTHWEST AIRLINES COMPANY is a foreign (Texas) corporation, and the unnamed defendant UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" is an employee and Flight Attendant in good faith believed based and domiciled in Texas as that state is the base and "hub" of operations for this company and employees. Petitioners in Good Faith assert here that the quantum value of each of their claims could exceed the $75,000.00 threshold necessary for United States District Court jurisdiction, together with there existing complete diversity of citizenship between the separate parties herein.

I.

The following parties are hereby named as defendants in this cause of action and are alleged to have damaged your petitioner in the following particulars as alleged below:

A. SOUTHWEST AIRLINES COMPANY (hereinafter sometimes referred to as "SWA"), a foreign ("Texas") corporation, at all times pertinent to herein having conducted business within the State of Louisiana and the Parish of Jefferson, with the torts alleged herein committed within Jefferson Parish as well as other locales, and further, that at all times herein employed your defendant Unidentified SWA employee "Kelly", who was in the course and scope of her employment with defendant SWA committed the intentional torts and/or negligence and/or recklessness and/or wanton carelessness as well as all other torts explained below, which caused the petitioners to suffer injury and losses by her actions or omissions here, as explained in more detail below;

B. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY", and a person reasonably believed by your petitioner to be of the full age of majority and presumed resident of the State of Louisiana, and further, that at all times herein employed by your defendant SWA, and who was in the course and scope of her employment with defendant SWA committed the intentional torts and/or negligence and/or recklessness and/or wanton carelessness as well as all other torts explained below, which caused the petitioners to suffer injury and losses by

3

her actions or omissions here, as explained in more detail below;

C.  XXX INSURANCE COMPANY, the company reasonably believed by your petitioners at all times pertinent hereto including the alleged date of loss to have provided automobile liability insurance to your named defendant SOUTHWEST AIRLINES COMPANY, employer of named defendant SWA employee "Kelly", who caused the injuries, damages and losses to your petitioners as alleged herein.

II.

On or about February 14, 2015, your petitioners ANDREW GRESSETT and BAM GRESSETT, and their minor child and son ANDREW "DREW" GRESSETT were paying customers on defendant SOUTHWEST AIRLINES COMPANY Flight #3006 originating from Moisant Field/Louis Armstrong International Airport in Jefferson Parish, Louisiana, with that flight scheduled and going from Jefferson Parish, Louisiana to Los Angeles, California.  Your petitioners boarded the plane at the assigned time, your petitioner Andrew Gressett began searching for a seat to accommodate his needs due to a recent back injury and related infirmity. After searching ANDREW GRESSETT located a seat in the second row of the plane facing forward.  This immediately seemed to upset and perturb a SWA Flight Attendant assigned to Flight #3006, a White lady only identified as "KELLY".  SWA employee "KELLY" in the presence of your petitioners slammed down a top upon a plastic

4

container that she was holding, pushed upwards the arm on a nearby seat, exited her seat, and upsettedly walked to the back of the plane, exclaiming aloud "I guess I need to move before he (directed at Mr. Gressett) runs me over". This pronouncement called the attention of the entire flight crew and passengers to your petitioners, embarrassing them in front of all others present, and for no good reason intimidating and singling out the family for embarrassment.

At this point Mr. Gressett then attempted to place his carry-on items into an overhead bin, but was instructed by a second, unidentified SWA Flight Attendant that the overhead bin was unavailable and your petitioner needed to locate another overhead bin to use. Mr. Gressett complied, without incident, until "Kelly" re-emerged, hastily running from the back of the plane to the front of the plane, very loudy and disruptively telling a passenger standing behind your petitioners' family aloud that "You can come in if this person (Mr. Gressett) moves out of the aisle". Again, this pronouncement called further attention of the entire flight crew and passengers to your petitioners, embarrassing them in front of all others present, and for no good reason again intimidating and singling out the family for embarrassment. These incidents happened before takeoff of the flight, the plane and all aboard were while all located on the ground at Moisant Field/Louis Armstrong International Airport in Jefferson Parish.

Shortly after takeoff, your petitioners placed their drink orders, and defendant "Kelly" was again present, now giving out peanut packages to passengers. When "Kelly" reached ANDREW GRESSETT's seat, she without warning very forcefully shoved a handful of bags of peanuts into the hands of ANDREW GRESSETT. Soon after, without provocation or reason, SWA employee "Kelly" then became enraged and threw four to six bags of peanuts at ANDREW GRESSETT, hitting him in the face, and calling negative attention to the petitioner's family, and further singled out your petitioners for embarrassment, ridicule and defamation, as well as for no good reason intimidating and again singling out the petitioner's family for embarrassment. At this point, ANDREW GRESSETT became upset, and told his wife sitting next to him that the Flight Attendant "Kelly" was "unprofessional".  This prompted "Kelly" to, in front of numerous passengers and the petitioners' family, to loudly proclaim that "If you don't watch your language, security will be waiting for you (Mr. Gressett) when we land. This greatly upset the petitioners, each of them, because now the SWA Flight Attendant "Kelly" had raised the specter of the Arrest and Jailing of ANDREW GRESSETT for no good reason, and sought to use her power and deference granted to her as an airline employee to now have the TSA and other Federal authorities to intimidate and/or arrest your petitioner ANDREW GRESSETT in culmination of a minor grudge and disagreement.  Your petitioners ANDREW GRESSETT and BAM GRESSETT feared that the SWA employees, particularly "Kelly", would provoke a confrontation in order to manufacture a negative interaction laying the ground for the

6

arrest of one or both of your adult petitioners, and further, leave their child in custody of law enforcement or other child resource officials, and reasonably possessed this fear given the unreasonable and hostile behavior of SWA employee "Kelly, and, the lack of restraint or control of her by her SWA co-workers who failed to ameliorate or moderate the horrible interactions and threats made by SWA employee "Kelly".

This set of exchanges seriously upset the petitioners, and their minor child, severely enough so that their entire flight to Houston (the first leg of their Flight #3009) to Los Angeles was now made under threat of arrest and all of the upset and unprovoked which then ruined the family's vacation to Los Angeles.  Despite being very upset by this, none of your petitioners protested or said anything for fear of being arrested by federal authorities in deference to the airline employees.

Later during the flight ANDREW GRESSETT was walking in the aisle of the airplane when SWA employee "Kelly" bumped into and slammed her hip into Mr. Gressett's body twice, assaulting him physically yet again, and then glared at him in attempting to provoke a response from Mr. Gressett.  Instead, cognizant of the deference paid by federal authorities to airline employees, your petitioner Mr. Gressett said nothing.  Later into the flight, other SWA employees spoke to and requested the petitioners move their personal items from one overhead bin to another, for what appeared to be an attempt to "test" or provoke the petitioners to react negatively as a predicate for further interaction, threats to the petitioners, or in an attempt to provoke a response necessary as a predicate to actually arrest and detain your petitioners.  Your

7

petitioners instead complied with every request and calmly responded to every question, avoiding any negative response or interaction.

Your petitioners then remained on the SWA Flight #3009 for the many hours necessary to complete the flight to Los Angeles, and for the entire flight were in fear of arrest and detention, and all losses and embarrassment and costs associated with that, for those many hours until finally deplaning and exiting the airport to attempt to begin their family vacation. It took hours after leaving the airport to regain some semblance of comfortability and emotional calm after the abuse, embarrassment and threats/intimidation coming from the SWA employee "Kelly" who abused and wronged your petitioners. This set of incidents, beginning in Jefferson Parish prior to takeoff and affecting your petitioners for hours, if not days after the final deplaning in Los Angeles, severely affected the emotions and comfort of your petitioners, including young ANDREW "DREW" GRESSETT, whose birthday vacation to Lego Land that this trip and vacation was centered around. The threats and open intimidation of his father concerned him greatly, and these incidents ca a pall over the entire vacation which never truly dissipated despite the best efforts of young Mr. Gressett's parents. Suffice it to say, that this long-anticipated vacation to celebrate this minor child's birthday in California was ruined by the abuse and intimidation and threats of arrest wrongly made by SWA employee "Kelly". Further, her intentionally bumping into and assaulting ANDREW GRESSETT raised the seriousness and intimidation of your adult petitioners, who certainly believed that any employee willing to go to that extent

8

would not hesitate to fabricate or embellish reasons that would lead to further problems for the petitioners, including arrest, detention, costs, and further embarrassment, negative attention and defamation of your petitioners.

III.

The said injuries and damages sustained by your petitioners ANDREW GRESSETT and BAM GRESSETT, were caused solely, directly, and proximately through the fault of the defendant SWA employee "KELLY", and her employer SWA, by extension their liability insurers, USAA, but not necessarily exclusive particulars:

1. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY", who was in the course and scope of her employment with defendant SWA committed the intentional torts and/or negligence and/or recklessness and/or wanton carelessness as well as all other torts explained above, which caused the petitioners to suffer injury and losses by her actions or omissions here, as explained in more detail above and below

2. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" negligently and/or intentionally failing to avoid the prompting and the escalation of this set of incidents as alleged herein;

3. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" intentionally

9

abusing her position in threatening your petitioners as described above;

4. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" intentionally assaulting ANDREW GRESSETT by bumping into him twice as described above;

5. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" intentionally assaulting ANDREW GRESSETT by throwing peanut bags at him in full view of the passengers and those present , as described above;

6. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" intentionally defaming your petitioners by loudly calling attention to them in exaggerated disputes and threats as described above;

7. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" for the intentional infliction of emotion distress upon all of your petitioners, as described above, and more particularly, for threatening their arrest and detention, and the reasonable belief of both adult petitioners that their child would be taken and placed into the custody of law enforcement or other child resource services, and all fears, upset and damages flowing from the petitioners' reasonable expectation of a potential arrest, the defamation and embarrassment coming from a groundless and unreasonable arrest, and the emotional damages suffered by their minor son should he be taken from their custody on a out-of-state flight and placed into the custody of law enforcement, as well as any inter-family relationship damage and trauma that could result from such an

eventuality, with that even further defaming your petitioners by loudly calling attention to them in any arrest and detention and separation from their minor child as threatened by SWA employee "Kelly" as described herein;

8. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" intentionally assaulting your petitioners by creating the reasonable belief within them of their likely arrest and detention, as described above;

9. ALL OTHER UNIDENTIFIED SWA EMPLOYEES present on Flight #3009 on February 14, 2015 for their failure to moderate, control, intervene, prevent or mitigate the tortuous actions of their SWA co-worker "Kelly", who made threats, assaults, and all other torts toward and to your petitioners in a manner obvious and apparent to all present on that flight;

10. SOUTHWEST AIRLINES COMPANY failing to properly train, screen, monitor, supervise or otherwise prevent the hiring of and/or deployment of their obviously unstable and improperly trained and/or unprepared employee - UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" - whose lack of same created the incidents, torts, losses and embarrassment as described above;

11. SOUTHWEST AIRLINES COMPANY statutory responsibility for their employees, and more specifically, for those torts and violations committed by defendant UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" - whose acts, omissions, negligence and/or intentional torts created the incidents, torts,

11

    losses and embarrassment as described above;

12. Any and all other acts of negligence and/or carelessness discovered prior to or at the trial on the merits of this matter.

All of the above acts of negligence and/or omissions were in violation of the laws of the United States of America, including any and all laws, statutes, regulations and protections offered to airline customers and consumers, as well as all pendant violations and offenses to the laws and statutes of the State of Louisiana and/or applicable Jefferson Parish ordinances, which are hereby pleaded and which are adopted by this reference as if set forth at point *in extensio*.

IV.

Petitioners ANDREW GRESSETT and BAM GRESSETT, personally and on behalf as tutors of their minor child ANDREW "DREW" GRESSETT, both aver that as a direct and proximate cause of the aforementioned actions and acts, they were made to sustain damages in the following non-exclusive list particulars:

A. Past, present, and future physical pain and suffering;

B. Past, present, and future emotional and mental anguish;

C. Past, present, and future loss of enjoyment of life for both petitioners;

D. Compensation for lost activities and participation therein relative to the injuries

suffered in this accident for both petitioners;

E. Both parent/petitioners' claims in their own right for mental anguish and serious concern and fear of mental injury and upset to their young child ANDREW "DREW" GRESSETT, anguish that did not abate until weeks after the actual accident and confirmation in real time of their son being free of injury, with both seeking separate compensation having suffered serious and ongoing fear and concern for injury to their young son, who was seated closest to the rear end impact caused by the negligence of defendant UNIDENTIFIED SWA EMPLOYEE known only as "KELLY".

F. Actual mental injury and upset to minor child ANDREW "DREW" GRESSETT, anguish that did not abate until weeks after the actual accident and confirmation in real time of their son being free of injury, with the young child seeking claims in his own right – via his parent's acting as his tutors - seeking separate compensation having suffered serious and ongoing fear and concern for injury, all caused by the acts, omissions, intentional torts and/or the negligence of defendant UNIDENTIFIED SWA EMPLOYEE known only as "KELLY".

G. All penalties, statutory awards, attorney's fees and costs, as well as all other appropriate recovery and awards, as appropriate due to defendant SWA's refusal to adjust the petitioners' claims in good faith, and further, their continued refusal to evaluate or adjust the Petitioners' claims in good faith, in clear violation of Louisiana Law and statutes applicable to general insurance claims in the State of

Louisiana;

H. ALL damages suffered by both adult petitioners, and their minor child, resulting from the UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" for threatening their arrest and detention of both adult petitioners without reason or provocation, and the adult petitioners' reasonable belief that their child would be taken and placed into the custody of law enforcement or other child resource services, and all damages flowing from the reasonable expectation of a potential arrest, the defamation and embarrassment coming from a groundless and unreasonable arrest, and the emotional damages suffered by their minor son should he be taken from their custody on a out-of-state flight and placed into the custody of law enforcement, as well as any inter-family relationship damage and trauma that could result from such an eventuality, with that even further defaming your petitioners by loudly calling attention to them in any arrest and detention and separation from their minor child as threatened by SWA employee "Kelly" as described herein;

I. UNIDENTIFIED SWA EMPLOYEE known only as "KELLY" intentionally assaulting your petitioners by creating the reasonable belief within them of their likely arrest and detention, as described above;

J. BAM GRESSETT's claims loss of support, consortium, family activities, and normal lifestyle and quality of life  - more particularly the upset and ruination of the long-planned and anticipated family vacation to California, due to her husband and

child suffering from the serious upset and mental injuries incurred in the incidents described above and giving rise to this litigation.

K. ANDREW GRESSETT's claims loss of support, consortium, family activities, and normal lifestyle and quality of life - more particularly the upset and ruination of the long-planned and anticipated family vacation to California, due to his wife and child suffering from the serious upset and mental injuries incurred in the incidents described above and giving rise to this litigation.

L. Any other loss or damage which may be determined at any time prior to or at the trial of this matter.

WHEREFORE, your petitioners ANDREW GRESSETT and BAM GRESSETT, personally and on behalf as tutors of their minor child ANDREW "DREW" GRESSETT, respectfully request that the defendants in this matter, SOUTHWEST AIRLINES COMPANY, UNIDENTIFIED SOUTHWEST AIRLINES COMPANY EMPLOYEE known only as "KELLY", and the XXX INSURANCE COMPANY, all be served with this petition, and after due proceedings be had their be a judgment in favor or your Petitioners, and against the defendants, for all damages, costs, and losses suffered by your Petitioners herein; all penalties, statutory awards, attorney's fees and costs, as well as all other appropriate recovery and awards relative to SWA's bad faith refusal to adjust or pay these claims, as well as for all costs of bringing these proceedings,

judicial interest from the date of judicial demand, as well as for any other award or remedy as deemed equitable herein.

Respectfully Submitted,

*Dominic N. Varrecchio*

_____
DOMINIC N. VARRECCHIO
ATTORNEY FOR PETITIONERS
300 LAFAYETTE STREET, SUITE 103
NEW ORLEANS, LA  70130
TEL: (504) 524-8600
Email: knic55@cox.net
LABAR NO. 19456